# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

JESSIE LUMPKINS,
          Appellant,

       v.

DEPARTMENT OF VETERANS
   AFFAIRS,
          Agency.

DOCKET NUMBER
AT-0752-13-0297-C-1

DATE: September 16, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Vaughn Simms</u>, Ridgeland, Mississippi, for the appellant.

<u>Johnston B. Walker</u>, Jackson, Mississippi, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the compliance initial decision, which dismissed the petition for enforcement for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant filed this petition for enforcement, alleging that the agency breached a last chance settlement agreement (LCSA) by assigning him to the wrong position under the agreement and by failing to provide him with appropriate orientation and training for that position. Compliance File (CF), Tab 1 at 5, 15-21. Initially, the agency had proposed the appellant's removal but, pursuant to the LCSA, reassigned him to a lower-graded position. Initial Appeal File (IAF), Tab 6, Subtabs 2a, 2f. The agreement, however, was executed prior to the filing of any Board appeal and thus was not entered into the record for enforcement purposes. *Compare id.*, Subtab 2a, *with* IAF, Tab 1. Soon thereafter, the appellant sought to vacate the LCSA through the Board's appeal process, arguing that he entered into the agreement under duress. IAF, Tab 1; *Lumpkins v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-13-0297-I-1, Final Order at 2 (May 1, 2014). The administrative judge found that he had voluntarily entered into the LCSA and dismissed the appeal for lack of jurisdiction. *Lumpkins v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-13-0297-I-2, Final Order at 4 (Jan. 9, 2015) (hereinafter *Lumpkins* II). On review, the Board affirmed the initial decision. *Id.* at 8. The

appellant now seeks to enforce the LCSA. CF, Tab 1. The administrative judge dismissed this petition for enforcement based on lack of jurisdiction because he found that the appellant had never established the Board's jurisdiction over the underlying appeal. CF, Tab 8, Compliance Initial Decision (CID) at 1-3.

¶3      On review, the appellant argues that the agency breached the LCSA by failing to "provide the reasonable training and orientation in order for the appellant to perform the job duties as prescribed in the position description" for the position to which he was reassigned. Petition for Review (PFR) File, Tab 1. The appellant also argues that the Board should consider this "new complaint . . . without a preconceived notion." *Id.* He further contends that the agency can "breach the contract without repercussion," whereas his own breach would have led to his removal. *Id.*

¶4      We have reviewed the appellant's arguments. The administrative judge, however, properly dismissed this petition for lack of jurisdiction. CID at 1, 3. The administrative judge explained that the appellant offered no evidence and argument addressing the jurisdictional issue in response to his order to show cause, and that the Board may enforce a settlement agreement only when that agreement has been entered into the record for enforcement purposes. CID at 2 (citing *Chapman v. Tennessee Valley Authority*, 67 M.S.P.R. 246, 249 (1995)). In addition, this petition for enforcement arose after the Board declined to find jurisdiction over the underlying appeal. *Lumpkins* II at 8. As a result, the only proper action the administrative judge could have taken was to dismiss the petition for enforcement for lack of jurisdiction. *See, e.g.*, *Hunt v. Office of Personnel Management*, 114 M.S.P.R. 590, ¶¶ 5-6 (2010). Accordingly, we affirm the initial decision.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.

The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.